**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Y.N., a minor, by and through Guardian Ad Litem, and individual, LEONOR GILLAMADRID,<br><br>Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>Defendant(s). | 2:13-CV-1315 JCM (VCF) |

**ORDER**

Presently before the court is plaintiffs' motion for attorney's fees. (Doc. # 26). Defendant has responded (doc. # 27) and plaintiffs have replied (doc. # 32).

**I.  Background**

This motion relates to an underlying due process complaint filed with the Nevada Department of Education and against the Clark County School District ("CCSD") on behalf of plaintiff "Y.N.", a minor, by and through his guardian ad litem, Leonor Gillamadrid (collectively "plaintiffs").

The underlying due process complaint alleged CCSD denied Y.N. a free appropriate public education ("FAPE") by failing to provide Y.N. with a bilingual program of education and with a certified special education teacher as required by relevant Nevada administrative codes. Plaintiffs requested that CCSD provide Y.N. with compensatory education and pay plaintiffs' attorney's fees and costs incurred in bringing the underlying due process complaint.

**James C. Mahan**
**U.S. District Judge**

The parties were able to reach a settlement agreement which was finalized by order of the hearing officer. According to plaintiffs, there existed an understanding that the order provided them with the opportunity to receive attorneys' fees and costs from CCSD or, in the alternative, by filing an action in this court.

After unsuccessfully attempted to recover those costs and fees from CCSD, plaintiffs have filed the instant action.

**II.   Discussion**

"[I]n any action or proceeding brought under [the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs. . .to a *prevailing party* who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I) (emphasis added).

The term "prevailing party" is considered a legal term of art which has been defined by case law. In order to recover an award for attorney's fees based on a one's status as the prevailing party, there must be a judgment on the merits or a *court-ordered change* in the legal relationship between the parties *via* a consent decree. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. Of Health and Human Resources*, 532 U.S. 589, 604 (2001). The Supreme Court in *Buckhannon* made clear that such an award requires a certain level of judicial *imprimatur*. That court explicitly rejected the "catalyst theory", which various courts had previously used to award fees where there was not a judicially sanctioned change in the legal relationship of the parties. *Id.* at 605.

Although *Buckhannon* concerned the attorney's fees provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act, the Ninth Circuit has held that *Buckhannon*'s definition of "prevailing party" also applies to the IDEA's attorney's fee provision. *See Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 865 (9th Cir. 2004). The *Shapiro* court reiterated that "in order to be considered a 'prevailing party' after *Buckhannon*, a plaintiff must not only achieve some 'material alteration of the legal relationship of the parties,' *but that change must also be judicially sanctioned*." *Id*. at 865 (*quoting Roberson v. Giuliani*, 346 F.3d 75, 79 (2d Cir. 2003)(emphasis added). "[A]lthough there may remain some uncertainty as to what might constitute a 'judicial *imprimatur*,' the existence of some judicial sanction is a prerequisite in

1  this circuit for a determination that a plaintiff is a 'prevailing party' and entitled to an award of
2  attorneys' fees as part of costs under the IDEA." *P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165,
3  1173 (9th Cir. 2007).

4  Plaintiffs allege that defendant agreed that the hearing officer's order would "provide a
5  judicial *imprimatur* sufficient to confer jurisdiction to the district court for Plaintiffs to seek their
6  attorney's fees."[1] Plaintiffs have submitted the hearing officer's order. Despite the fact that the
7  order was never judicially sanctioned, plaintiffs' contention that the order provided it with the
8  requisite judicial *imprimatur* is contradicted by the plain language of the order.

9  The order's only reference to attorney's fees and costs reads ". . .Petitioner sought an award
10 of compensatory education as well as an award of attorney's fees and costs." (Hearing officer's
11 order, doc. # 26-4). However the order further provides that "Respondent made a firm offer of
12 settlement" and that "[p]ursuant to the terms of the Settlement, Petitioner received compensatory
13 education from Respondent." (*Id.*). The order does not indicate CCSD agreed to pay attorneys' fees
14 or costs or to reserve the issue for the court; no further reference to the issue is made in the order.
15 The settlement agreement was attached to the order and was incorporated by reference.

16 The settlement agreement itself makes no reference to attorneys' fees or costs. There is no
17 language in the order or the incorporated settlement agreement indicating that the parties reserved
18 the issues of attorneys' fees and costs for a district court. In short, there is nothing that can be
19 construed as a judicial sanction of the order or settlement agreement, and nothing in the terms of
20 either document suggest any judicial *imprimatur* was contemplated. *See P.N.*, 474 F.3d at 1173.

21 **III.  Conclusion**

22 Plaintiffs have failed to demonstrate that they are the "prevailing party" as contemplated by
23 the IDEA and interpreted by relevant case law. As such, they are not entitled to attorney's fees and
24 costs.

25 . . .

---

[1] The court agrees that the e-mail correspondence submitted by plaintiffs is ambiguous on this issue. Any mutual understanding regarding attorneys' fees and costs and the reservation of such for the court should have been embodied in the settlement agreement and/or the hearing officer's order.

James C. Mahan
U.S. District Judge

- 3 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for attorney's fees (doc. # 26) be, and the same hereby is, DENIED.

DATED March 20, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -