1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Y.N., a minor, by and through Guardian Ad Litem and individual, LEONOR GILLAMADRID, | Case No. 2:13-CV-1315 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, | |
| Defendant(s). | |

Presently before the court is defendant Clark County School District's ("CCSD") motion for entry of judgment and dismissal.  (Doc. # 34.)  Plaintiffs have not responded.

This case stems from an underlying due process complaint filed with the Nevada Department of Education against CCSD on behalf of plaintiff "Y.N.," a minor, by and through his guardian ad litem, Leonor Gillamadrid (collectively "plaintiffs").  The underlying due process complaint alleged CCSD denied Y.N. a free appropriate public education ("FAPE") by failing to provide Y.N. with a bilingual program of education and with a certified special education teacher as required by relevant Nevada administrative codes.

Plaintiffs requested that CCSD provide Y.N. with compensatory education and pay plaintiffs' attorneys' fees and costs incurred in bringing the underlying due process complaint. The parties were able to reach a settlement agreement which the hearing officer finalized by order. According to plaintiffs, there existed an understanding that the order provided them with the opportunity to receive attorneys' fees and costs from CCSD or, in the alternative, by filing an action in this court.

**James C. Mahan**
**U.S. District Judge**

1

2       On July 24, 2013, after unsuccessfully attempting to recover those costs and fees from

3  CCSD, plaintiffs initiated the instant case.  Plaintiffs filed a motion for attorneys' fees.  (Doc. #

4  26).  On March 20, 2014, the court denied plaintiff's motion for attorneys' fees.  (Doc. # 33).  On

5  December 22, 2014, defendants filed the instant motion for entry of judgment and dismissal.  (Doc.

6  # 34).

7       Federal Rule of Civil Procedure 58 and Local Rule 77-1 set forth the conditions by which

8  an entry of judgment may be issued.  Rule 58 provides that every judgment must be set out in a

9  separate document, except under certain conditions, and may be entered if the court denies all

10  relief.  In addition, a judgment may be entered when 150 days have run from the entry in the

11  docket.  Local Rule 77-1 provides that the Clerk of Court may enter judgment as authorized in

12  Rule 58.

13       This court's order denying attorneys' fees constituted the court's denial of all relief sought

14  by plaintiff.  Further that order was issued well over 150 days ago.  There are no issues which

15  remain to be decided in the case.  The court finds it appropriate for the clerk to enter judgment in

16  the case and close the case file.

17       Accordingly,

18       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for

19  entry of judgment and dismissal (doc. # 34) be, and the same hereby is, GRANTED.  The clerk

20  shall enter judgment accordingly and close the case.

21       DATED February 12, 2015.

22

23                                      _____
                                        UNITED STATES DISTRICT JUDGE

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 2 -